IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **DANDRIDGE BAILEY and CURTIS BAILEY** | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) CASE NO. ) |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY, a corporation,** | ) ) ) |
| DEFENDANT. | ) ) / |

## COMPLAINT

COMES NOW the Plaintiffs, DANDRIDGE BAILEY and CURTIS BAILEY, by and through their undersigned attorney and for the relief hereinafter requested, allege as follows:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiffs, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2.      The property made the basis of this action is located at 4877 Ortega Farms Blvd., Jacksonville, Duval County, Florida 32210 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3.      The Plaintiffs, DANDRIDGE BAILEY and CURTIS BAILEY, are husband and wife who were and still are the owners of the insured property and have been at all times material to the allegations set forth in the Complaint.

4.      The Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY (hereinafter referred to as Liberty Mutual) is a private insurance company qualified to do business in the state of Florida and participates in FEMA's "Write Your Own" (WYO) program. Pursuant to the WYO program, Liberty Mutual issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Liberty Mutual is responsible for "arranging the adjustment, settlement, payment and defense of all claims arising under the policy" and is named as a party Defendant solely for those purposes. FEMA actually receives and retains all of the premium paid for the Plaintiffs' SFIP (less fees) and is responsible for any and all payments which may be due under the policy, including costs of defense incurred by Liberty Mutual. Liberty Mutual has no financial interest in this action other than collecting fees for its services. Any judgment which may be entered in this action will be a judgment against FEMA

and will be paid by FEMA from U.S. Treasury funds.

**FACTUAL ALLEGATIONS**
**BREACH OF CONTRACT**

5. On August 13, 2017, Liberty Mutual issued an SFIP to the Plaintiffs, namely, Policy No. FF2-251-426393-71, for a one (1) year period, whereby Liberty Mutual agreed to pay the Plaintiffs for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Liberty Mutual to the Plaintiffs during the above-referenced time period.

6. The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' building and other structures as described under Coverage A up to a limit of $200,000; flood damage to Plaintiffs' personal property and contents under Coverage B up to a limit of $15,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7. On or about September 10, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiffs' land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their building and contents and incurred expenses for debris removal and safe storage of their property.

3

8. The Plaintiffs timely notified the Defendant of their loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiffs. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is not binding on the Defendant or the Plaintiff and is furnished as "a matter of courtesy only". As a result, payment was made to the Plaintiffs pursuant to their SFIP for loss or damage to the insured property.

9. Plaintiffs disagreed and still disagree with the Defendant's estimate and payment on the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiffs' building and their community; and, the adjuster used inappropriate and/or inadequate methods of repair. On or about August 11. 2018, as required by their SFIP, Art.VII.J.4., Plaintiffs submitted a request for additional payment evidenced by a Proof of Loss and a detailed, line item repair estimate reflecting the cost to repair all of the flood damaged items covered by the SFIP with materials of like kind and quality for like use.

10. The above described SFIP was in full force and effect at the time of the Plaintiffs' loss and they have performed all conditions precedent entitling them to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the full amount due under the policy

and has otherwise failed or refused, without legal justification or excuse, to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiffs have not been fully paid or compensated for damage to their insured property and will incur attorney fees, case expenses and costs to collect the correct amount due under their policy. Since FEMA is responsible for and will be obligated to pay any judgment entered as a result of this action, Plaintiffs are claiming attorney fees, case expenses and costs due under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiffs may also incur attorney fees, case expenses and costs in seeking payment under EAJA.

WHEREFORE, Plaintiffs demand judgment against the Defendant for an amount up to and including the coverage limits under their SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412; any fees, case expenses and costs incurred in connection with their fee request under EAJA ; and, any and all other appropriate relief to which the Plaintiffs may be entitled.

   Respectfully submitted,

/s/ SAMUEL W. BEARMAN

Samuel W. Bearman
Samuel W. Bearman, L.C.
Florida State Bar No. 216127
820 North 12th Avenue
Pensacola, FL.  32501
Tel: (850) 438-1000
Fax: (850) 438-1022
e-mail: sbearman@bearmanlaw.com

ATTORNEY FOR PLAINTIFFS